Per Curiam.
This was an action of debt brought against the intestate of the plaintiff in error, upon a writing obligatory, made payable to one E. W. Andrews. Andrews died, and after his death, the writing obligatory was sold to one Tyer by Cowan, who had been the book-keeper of Andrews. Up to this time there was no indorsement of the instrument- — -it was not payable to bearer — nor does there appear to have been any administration upon the estate of Andrews. Tyer assigned the instrument to Griffin, who brought this suit upon it in his own name. It is in proof that the intestate admitted the justice of the debt, and promised to pay it to Tyer in the presence of Griffin before.the assignment. One count in the declaration avers this promise. One of the pleas denies that Griffin had any legal title to the instrument, or any right to maintain the suit. There were a verdict and judgment for the plaintiff. There was no objection to the admission of any testimony, and no charge asked of the court. After a motion for a new trial had been overruled, the evidence was embodied in a bill of exceptions, and the case brought to this court.
*590 In every action at law, the plaintiff must show a legal title to the instrument sued on. The evidence in this case shows clearly that the legal title to the instrument never passed out of Andrews — there was no assignment by him, nor anything to divest his title. The plaintiff does not aver that he held title by assignment from the original payee, consequently the defendant could not be required to deny on oath, that the plaintiff was such assignee, since there was no averment to that effect. Of consequence, Griffin could not maintain this action. The verdict is therefore contrary to the law and the evidence, as the plea of want of title in the plaintiff is fully sustained.
The judgment must be reversed, and the cause remanded. Whether the plaintiff can hereafter maintain the action, is not for us now to determine. The promise of the decedent, as stated in the evidence, would have been binding on him to pay, if the plaintiff had held the title to the instrument. It was a waiver of any defence to the instrument, in the hands of a legal holder, who took it upon the faith of such promise; but it could not be held to dispense with proof of title. Otherwise one man might sue on the instrument, and another on the promise.
Judgment reversed and cause remanded.